OPINION
{¶ 1} Plaintiff-Appellant Xiaowei He ("wife") appeals a June 24, 2004, decision of the Licking County Court of Common Pleas, Domestic Relations Division.
 {¶ 2} Defendant-Appellee is Qingyu Zeng ("husband"). { ¶ 3} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 6} Husband and wife were married on January 18, 1989, in Shanghai, China. One child, a son, was born as issue of said union, to wit: Feihua Zeng (DOB 11/5/89).
 {¶ 7} On January 23, 2001, wife filed a Complaint for Divorce in the Licking County Court of Common Pleas, Domestic Relations Division, asserting gross neglect of duty, extreme cruelty and incompatibility as grounds. Husband filed an Answer and Counterclaim on March 2, 2001, with leave from the trial court. Upon agreement of the parties, the trial court appointed a guardian ad litem for the child. The matter proceeded through a contemptuous course. On March 6, 2002, Paul Harmon, counsel for wife, filed a Motion to Withdraw after wife requested him not to do further legal work on her behalf. The trial court granted Attorney Harmon's motion to withdraw.
 {¶ 8} The matter came on for a final contested divorce trial before the magistrate on May 21, 2002. The following day, husband filed objections to a prior magistrate's decision, and the magistrate continued the final hearing. In the interim, wife retained new counsel. The matter came on for a continuation of the final contested trial before the magistrate on August 30, 2002. At the beginning of the proceedings, wife's new counsel presented a motion for a change of venue from Licking County to Franklin County. The magistrate conducted a hearing on that motion and considered the parties' positions relative thereto. Via Magistrate's Order filed September 3, 2002, the magistrate recommended said transfer. The Franklin County Court of Common Pleas, Domestic Relations Division, found the change of venue was not appropriate and declined to accept the transfer. Upon return to the Licking County Court of Common Pleas, the trial court concluded the final contested divorce hearing on May 6, 2003. The trial court issued its Decree of Divorce and Shared Parenting Plan on May 23, 2003.
 {¶ 9} Wife filed an appeal from said judgment, raising numerous assignments of error.
 {¶ 10} In an Opinion dated May 12, 2004, this Court affirmed the decision of the trial court in part and reversed in part and remanded, finding that the trial court cannot condition a party's receipt of their portion of marital property upon that party's future compliance with court ordered visitation or a court order to obtain future employment, resulting in forfeiture occurring if visitation is not allowed and/or employment is not pursued/obtained.
 {¶ 11} The trial court held a hearing on June 24, 2004 as to the remanded matter.
 {¶ 12} On June 28, 2004, Plaintiff-Appellant filed a notice of Appeal of this Court's May 12, 2004, Opinion to the Ohio Supreme Court.
 {¶ 13} On July 1, 2004, via Judgment Entry, the trial court found that at said hearing, CSEA presented the trial court with documentation indicating that the State of Ohio had a claim against Plaintiff-Appellant wife for fund she assigned to the State in exchange for child support in the amount of $6,633.40. The trial court further found that CSEA presented documentation as to overpayment of child support from Defendant-Appellee husband to Plaintiff-Appellant wife in the amount of $2,410.00. The trial court also found that CSEA provided documentation that Plaintiff-Appellant wife's former attorney retained $6,689.56 to be disbursed upon order of the court.
 {¶ 14} The trial court ordered said attorney to pay the sum of $2,410.00 to Defendant-Appellee. He further ordered that $56.26 be paid to Plaintiff-Appellant and the remaining $4,223.40 to be paid to and held by the Licking County Clerk of Courts.
 {¶ 15} In said Entry, the trial court gave Plaintiff-Appellant wife 30 days to present to CSEA sufficient documentation to challenge said figures and amounts because she asserted that CSEA's figures were incorrect. If Plaintiff-Appellant failed to do such, the trial court would direct the Clerk of Courts to release the remaining $4,223.40 to CSEA.
 {¶ 16} On July 21, 2004, the trial court entered another Judgment Entry, stating that it had received corrected figures from CSEA with regard to the monies to be distributed. Said corrected figures were as follows: Defendant-Appellee was to received $416.07; State of Ohio (CSEA) was to receive $3,915.65; Plaintiff-Appellant was to receive the remaining $2,357.84. Court costs and fees were ordered to be paid first out of Plaintiff-Appellant share.
 {¶ 17} On July 30, 2004, Plaintiff-Appellant wife filed a "Response to the Judgment Entry that File on July 1, 2004 and the Child Support Enforcement Agency's Figures and Amounts.
 {¶ 18} The trial court treated said "Response" as a 60(B) Motion because in such "Response" Plaintiff-Appellant attempts to introduce new evidence as well as argue those issues previously appealed in an attempt to get the trial court to vacate its final decree issued on May 23, 2003.
 {¶ 19} By Judgment Entry dated August 31, 2004, the trial court denied said "Response" or Motion to Vacate.
 {¶ 20} On August 18, 2004, Plaintiff-Appellant filed a Notice of Appeal of the trial court's July 21, 2004, Judgment Entry.
 ASSIGNMENT OF ERROR {¶ 21} Appellant has not specifically stated any assignments of error presented for review, nor has she referenced to the place in the record where each error is reflected as required by App. R. 16(A)(3).
 {¶ 22} However, in her table of contents, she does state:
 {¶ 23} "The trial court abuse it discretion by ruling orders concerning support against the manifest weight of the evidence." [sic]
 {¶ 24} From her brief, it appears she is arguing that the trial court's decision is against the manifest weight of the evidence.
 {¶ 25} No transcript was prepared and filed in the instant case so we cannot know exactly what was said or presented at the June 24, 2004 hearing. Pursuant to App. R. 9, it was incumbent upon appellant to insure that a transcript was prepared and filed as a part of the appeal in the instant case, or that a statement of the evidence was properly filed.
 {¶ 26} In Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197, the Ohio Supreme Court held: "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the Court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199. Based upon the authority of Knapp, we presume the regularity of the trial court's decision.
 {¶ 27} Plaintiff-Appellant argues that at the June 24, 2004, hearing the trial court gave her 30 days to challenge CSEA's figures but then entered a judgment entry on July 21, 2004, less than 30 days later, and prior to her July 30, 2004, "Response".
 {¶ 28} Upon review, we find that while the trial court may have entered its July 21, 2004, Judgment Entry with the corrected figures less than thirty days from the June 24, 2004, hearing, it appears from the Entry that such corrections were done because CSEA gave consideration to Plaintiff-Appellant's concerns and assertions that the initial figures were incorrect. We therefore, find no injustice in the trial court's decision.
 {¶ 29} The remainder of the arguments contained in Plaintiff-Appellant's brief attempt to re-litigate those issues previously determined in the first appeal and currently pending before the Ohio Supreme Court should they choose to accept same.
 {¶ 30} We therefore deny Plaintiff-Appellant's assignment of error and affirm the decision of Licking County Court of Common Pleas.
Boggins, J. Wise, P.J. and Edwards, J. concur